Rodney A. MACSURAK, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Appellee.

No. A–7557.

Court of Appeals of Alaska.

Jan. 19, 2001.

Pamela Dale, Anchorage, for Appellant.

Carmen E. ClarkWeeks, Assistant Municipal Prosecutor, and Mary K. Hughes, Municipal Attorney, Anchorage, for Appellee.

Before MANNHEIMER and STEWART, Judges, and RABINOWITZ, Senior Supreme Court Justice.*

* Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and    Administrative Rule 23(a).

## OPINION

MANNHEIMER, Judge.

In this case, we are asked to decide whether police officers could reasonably rely on an apartment manager's assertion that the occupant of an apartment had been evicted and was now both drunk and trespassing. We conclude that, under the circumstances of this case, the officers could reasonably rely on the apartment manager's statement—and thus could reasonably enter the apartment to investigate the situation.

On April 7, 1999, police officers were summoned to an apartment building on 36th Street in Anchorage. According to the police dispatch, there was a drunk and disorderly person in Apartment 1. When the officers arrived, the apartment manager informed them that Rodney Macsurak was inside Apartment 1. The manager also told the officers that Macsurak had been evicted and that he did not know why Macsurak had returned to the apartment.

When the officers approached Apartment 1, they saw a pickup truck parked outside the apartment. This truck was piled with furniture and other belongings. The engine was warm.

The door to the apartment was standing open. Looking through the door, the officers could see that the living room contained no furniture and that there were no decorations or other furnishings on the walls of the living room and the adjacent hallway. In the words of one of the officers, "the apartment [looked] vacant." Nevertheless, the officers could hear noise coming from within the apartment, so they knocked and announced their presence. In response, Macsurak came into the living room, and the officers walked through the door to speak to him.

While the officers spoke with Macsurak, they observed various indications that he was intoxicated. Ultimately, the officers arrested Macsurak for driving while intoxicated.[1] Macsurak later pleaded no contest to this charge, reserving his right to challenge the

legality of the police officers' entry into the apartment.[2]

In this appeal, Macsurak asserts that he was the lawful occupant of the apartment and that, therefore, the apartment manager could not authorize the police to enter the apartment. Macsurak argues in the alternative that even if the apartment manager was authorized to let the police enter the apartment, this is irrelevant because the manager never actually asked the officers to go into Apartment 1.

We note that, in the district court proceedings, Macsurak argued that he was still the lawful occupant of the apartment because, even though the manager had commenced eviction proceedings, Macsurak had cured the violations of his rental agreement and, as a consequence, his tenancy had been extended until the end of April.

■ The evidence is perhaps inconclusive on this point. But we need not decide whether Macsurak continued to be the lawful tenant of the apartment. Even assuming this to be true, the officers' entry into the apartment would still be legal if, based on the apartment manager's statements, the officers reasonably believed that Macsurak had been evicted and that he had no further right to occupy the premises.[3]

District Court Judge Natalie K. Finn held a hearing on this issue and concluded from the evidence

> that the officers reasonably thought that [Macsurak] had been evicted from the apartment, and they [entered the apartment] on that basis.... [T]he manager's statement about [Macsurak's] having been evicted was corroborated by the truck with furniture and belongings in it, and by the complete absence of furniture or other sign of occupancy in the apartment. [The officers] confronted ... an apparent trespasser in [the] apartment, not a person authorized to be there.

"Denial of Motion to Suppress" dated August 25, 1999, page 1.

---

1. Anchorage Municipal Code § 09.28.020(A).

2. *See Cooksey v. State,* 524 P.2d 1251, 1255–57 (Alaska 1974).

3. *See Nix v. State,* 621 P.2d 1347, 1350 (Alaska 1981).

On appeal, Macsurak argues that the police could not reasonably rely on the manager's statement that Macsurak had been evicted. He contends that the circumstances were, at most, ambiguous, and thus the police were under a duty to make further inquiry before entering the apartment.

In particular, Macsurak notes that the apartment manager referred to him as a "tenant", and that this description is echoed in the police report. But the manager also told the police that Macsurak had been evicted and that he did not know what Macsurak was doing in the apartment. Under these circumstances, the district court could reasonably conclude that when the apartment manager said "tenant", he was referring to the fact that Macsurak was a *recent, former* tenant. Moreover, as Judge Finn noted in her decision, this interpretation of the manager's statement was corroborated by the officers' own observations—that the apartment contained no furniture, and that a nearby pickup truck was piled with furniture and other belongings.

Professor LaFave addresses a similar situation in his treatise on search and seizure law:

> [If] a landlord flatly asserts that [a] tenant has been evicted and this assertion is rendered plausible by the fact that [the landlord] has already moved the furnishings into another apartment, it certainly is not necessary for the police to file a quiet title suit for the purpose of ascertaining whether the tenant still retains some possessory interest in the premises.

Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* (3rd ed.1996), § 8.3(g), Vol. 3, pp. 747–48 (internal quotation marks omitted).

We therefore agree with Judge Finn that, under the circumstances of this case, the police reasonably relied on the apartment manager's assertion that Macsurak had been evicted and that he had no further right to be in the apartment.

■ Macsurak next argues that, even if the police reasonably believed that Macsurak had been evicted and that the apartment manager now controlled the apartment, the officers' entry into the apartment was still illegal because the manager never expressly gave them permission to enter. This argument overlooks several important aspects of the situation.

The police had been summoned to the apartment building to deal with a person who was reported to be drunk and disorderly. When the officers arrived, the apartment manager identified Macsurak as the person inside Apartment 1; he told the officers that Macsurak had been evicted and that he did not know why Macsurak was inside the apartment. Judge Finn found that the manager's consent to the entry was implicit under these circumstances:

> To the extent that [the] officer[s] need[ed] the consent of [the] manager to enter an apparently vacant apartment to [investigate] a person who has entered there without authority, the court finds that consent was given for the officers to go to the apartment and address the problem. The door was open, the person [inside] was apparently an evicted former tenant, and the officers proceeded only as far as the living room [*i.e.*, the room immediately inside the door].

"Denial of Motion to Suppress" dated August 25, 1999, pages 1–2.

■ To overturn this finding of fact on appeal, Macsurak must show that it is clearly erroneous.[4] We have reviewed the evidence presented in the district court, and we conclude that the evidence supports Judge Finn's finding.

In sum, we uphold the district court's findings (1) that the police officers reasonably relied on the apartment manager's statement that Macsurak had been evicted from the apartment, and (2) that the apartment manager implicitly authorized the officers to enter the apartment to find out what Macsurak

---

4. *See Wilburn v. State,* 816 P.2d 907, 911 (Alaska App.1991).

was doing there. Given these findings, Judge Finn properly denied Macsurak's suppression motion.

The judgement of the district court is AFFIRMED.

COATS, Chief Judge, not participating.